UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHMED FOUAD ALI, | ) |
|                                Petitioner, | )  Case No. C10-846-TSZ-BAT |
| v. | )  **REPORT AND** |
| A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, | )  **RECOMMENDATION** |
|                                Respondent. | ) |

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Ahmed Fouad Ali is a native and citizen of Ethiopia who is being detained without bond by the United States Immigration and Customs Enforcement ("ICE") pending completion of his removal proceedings before the Immigration Court. On September 20, 2010, petitioner, proceeding pro se, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 14.) As relief, he requests that this Court (1) "adjudicate [his] ineffective assistance of counsel claim and determine if [he] is eligible for a sentencing vacation, entitling him to a new period of time in which to file a direct appeal of his conviction;" (2) "conduct a review of [his] naturalization application and determine if [he] was ever a naturalized citizen of the United States;" and (3) order [that he] be released on supervised release pending all finality

REPORT AND RECOMMENDATION - 1

of his ineffective assistance of counsel and naturalization claims and removal proceedings." (Dkt. 14 at 2.)  Respondent has filed a motion to dismiss the amended petition, arguing that petitioner is lawfully detained as a criminal alien with a final conviction under the mandatory detention provisions of section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c).  (Dkt. 18.)  In addition, respondent argues that petitioner's request for an order vacating his state court criminal conviction fails to state a claim upon which relief can be granted and his request for that relief should be directed upon the authority that prosecuted him.  *Id*.  Petitioner did not respond to respondent's motion to dismiss.

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be **GRANTED**, and that this matter be **DISMISSED** with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was admitted to the United States on July 13, 1982, as a refugee.  (Administrative Record ("AR") at L30-32.)  He subsequently adjusted his status to lawful permanent resident.  *Id*.  On July 15, 2009, petitioner was convicted in the Superior Court of Washington for King County of a Violation of the Uniform Controlled Substances Act: Deliver Cocaine, and was sentenced to twelve months plus one day confinement.  (AR L25-29.)  Petitioner did not appeal his conviction to the Washington State Court of Appeals.

On or about April 1, 2010, petitioner was transferred from the Stafford Creek Corrections Center in Aberdeen, Washington, to ICE custody pursuant to an immigration detainer.  (AR L2-3, R102-03.)  Petitioner was served him with a Warrant for Arrest of Alien and a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), relating to the illicit trafficking in a controlled substance; and

REPORT AND RECOMMENDATION - 2

under INA § 237(a)(2)(B)(i), for having been convicted of a violation of a law relating to a controlled substance. (AR L5-7.) ICE made an initial custody determination to detain petitioner in the custody of the Department of Homeland Security without bond. (AR L2.)

On or about April 7, 2010, petitioner filed a Motion to Terminate Removal Proceedings, claiming that his criminal conviction was on direct appeal and could not be considered by an Immigration Judge ("IJ") until it is final. (AR L8-9.) However, two searches of state court records indicate that no appeal was ever filed. (AR L37-38, R178-79.) Petitioner's removal proceedings remain pending in immigration court. His next master calendar hearing is currently scheduled for January 18, 2011.

On September 20, 2010, petitioner filed the instant amended habeas corpus petition. (Dkt. 14.) On October 25, 2010, respondent filed a motion to dismiss petitioner's amended petition. (Dkt. 18.) Petitioner did not file a response.++

### III.  DISCUSSION

A.  <u>Immigration Detention</u>

Section 236(c) of the INA provides that "[t]he Attorney General shall take into custody any alien who" is deportable from the United States because he has been convicted of certain crimes specified in the provision. INA § 236(c)(1)(B), 8 U.S.C. § 1226(c)(c)(1)(B). Specifically, INA § 236(c) states, in part, as follows:

> The Attorney General shall take into custody any alien who –
> . . .
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> . . .
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c). Unlike non-criminal aliens who are detained under INA § 236(a), criminal

REPORT AND RECOMMENDATION - 3

aliens detained under INA § 236(c) during removal proceedings are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510, 531, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), the Supreme Court held that the mandatory detention of an alien under INA § 236(c) was a constitutionally permissible part of the removal process. In reaching that conclusion, the Supreme Court emphasized that under INA § 236(c), "not only does detention have a definite termination point, in the majority of cases it lasts for less than 90 days . . . ." *Id*. at 529. The Supreme Court held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Id.* at 513.

In the present case, ICE charged petitioner with being removable from the United States under INA § 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) based upon his conviction for illicit trafficking in a controlled substance. (AR L5-7.) Thus, petitioner falls squarely within the group of criminal aliens described in INA § 236(c)(1)(B) for whom detention is mandatory. Accordingly, petitioner is not entitled to a bond hearing or release from mandatory detention.

B.  Ineffective Assistance of Counsel

In his habeas petition, petitioner claims that his prior attorney rendered ineffective assistance by failing to file an appeal of his state court conviction with the Washington State Court of Appeals. (Dkt. 14 at 2.) He requests that this court order the King County Superior Court to vacate his state court criminal conviction and reissue the sentence, providing a new time

REPORT AND RECOMMENDATION - 4

period in which to file a direct appeal of his conviction. *Id*.

A writ of habeas corpus is only available to a petitioner who is "in custody pursuant to the judgment of a State court" at the time the habeas petition is filed. *See* 28 U.S.C. § 2254(a). "A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction." *Delong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Immigration consequences of a state court conviction, such as deportation, do not render a petitioner "in custody." *See Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005).

Here, petitioner completed his state court sentence imposed by the King County Superior Court and is therefore not "in custody pursuant to the judgment of a State court" as required under section 2254. Accordingly, the court lacks jurisdiction over petitioner's ineffective assistance of counsel claim.

C. <u>Naturalization</u>

Finally, petitioner asks the Court whether he is "a naturalized U.S. citizen." (Dkt. 14 at 2.) As relief, he requests "[t]hat the Court conduct a review [of his] naturalization application and determine if [he] was ever a naturalized citizen of the United States." *Id*. Respondent asserts there is no record of petitioner ever having been naturalized as a United States citizen. (Dkt. 18.) The Court agrees with respondent.

The administrative record indicates that petitioner submitted a Form N-400 application for naturalization on August 21, 1998, which was denied by USCIS due to abandonment on September 16, 2000. (AR R176.) On July 14, 2003, petitioner filed another Form N-400, which was inactivated by USCIS on May 8, 2006. (AR R175-76.) On December 28, 2007, petitioner filed a third Form N-400 with USCIS. *Id*. On May 14, 2009, USCIS referred plaintiff's case to

ICE to determine his removability after an investigation revealed he had a criminal record, including arrests and convictions for driving under the influence and selling crack cocaine. (AR R163, R174.) On March 31, 2010, USCIS inactivated petitioner's N-400. (AR R175.) The record states that petitioner's "N-400 will be denied upon the setting of his immigration hearing court date." *Id*. According to the administrative record, "[petitioner] has not naturalized as a US citizen at any time" since entering the United States in July 1982. (AR 172-73.) Thus, in response to petitioner's inquiry, the record indicates that he is not a naturalized United States citizen.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be **GRANTED**, and that this matter be **DISMISSED** with prejudice.

DATED this 16th day of December, 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6